■ HELGA NORMAN, Respondent, v AETNA LIFE INSURANCE COMPANY et al., Appellants.—Judgment, Supreme Court, New York County, entered on July 3, 1974, after trial, insofar as it awards plaintiff $56,790.10 against defendant, Aetna Life Insurance Company, unanimously reversed, on the law, the facts and in the interests of justice and new trial ordered, with $60 costs and disbursements to abide the event. Order, Supreme Court, New York County, entered on January 15, 1975, amending the above-mentioned judgment so as to indicate that the dismissal of plaintiff's cause of action against defendant, Guardian Life Insurance Company of America, was not on the merits and directing a new trial against it on only one issue, unanimously modified, on the law, the facts and in the interests of justice, without costs and without disbursements, to the extent of also ordering a new trial on all issues as to defendant, Guardian. This is an action to collect under the double indemnity provisions of life insurance policies issued by defendants. The court and jury were presented with an extremely close case on the issue of whether the decedent's death resulted "directly, and independently of all other causes, from bodily injuries * * * sustained solely through accidental means", as required by both policies in issue (the language quoted is that of the Aetna policy; the Guardian policy contains similar language, plus the requirement that "there is as evidence a visible contusion or wound on the exterior of the body"). This being so, the sufficiency and quality of the proof in the record must be carefully weighed and, in so exercising this function, we note that the expert testimony presented by plaintiff left much to be desired. The consulting engineer who testified in her behalf never examined the car in which the event occurred, never visited the scene of the accident and, in fact, did not even know whether the 1965 Pontiac had a stick shift or an automatic transmission. The cardiologist called by plaintiff improperly based his opinion, in part, on an unsigned statement written on the stationery of plaintiff's attorney. In short, we are not satisfied that plaintiff's proof is sufficient to support the jury's verdict. We are of the view that justice would best be served by a new trial on all issues. At that time plaintiff should be given every opportunity to produce the doctor and neighbor of the decedent who was called to the scene of the occurrence to administer first aid. Concur—Stevens, P. J., Kupferman, Lupiano, Capozzoli and Nunez, JJ.